**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YUNIOR HENI CALDERON RODRIGUEZ,<br>Petitioner,<br>v.<br>MARK BOWEN, et al.,<br>Respondents. | Case No. EDCV 26-1242 WLH (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Amended Petition, all of the records and files herein, the Magistrate Judge's Report and Recommendation, Respondents' objections, and Petitioner's Response to Respondents' objections. After having made a *de novo* determination of the portions of the Report and Recommendation to which the objections were directed, the Court concurs with, accepts, and adopts the findings and conclusions of the Magistrate Judge. Respondents' Objection wholly disregards the due process framework that forms the backdrop of this Petition. Statutory frameworks aside, Respondents' conduct must comport with basic due process principles (i.e. notice and an opportunity to be heard). The mere fact that 8 U.S.C. 1231 and 8 C.F.R. §§ 241.4(l) and 241.13(i)(3) govern any future revocation of Petitioner's Order of Supervision does not moot this case or negate the looming threat of Respondents'

repeating the same unlawful conduct by re-detaining Petitioner. "A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Friends of the Earth, Inc. v. Laidlaw Env't Servs.* (TOC), Inc., 120 S. Ct. 693, 700 (2000). "Thus, the standard for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (citing *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)).

IT IS ORDERED that:

1) the Amended Petition is GRANTED;
2) Respondents are ORDERED to immediately release Petitioner **Yunior Heni Calderon Rodriguez, A Number: 098-953-455**, if he is still in custody**;**
3) Respondents are ORDERED to return Petitioner to the same OSUP and conditions of release to which he was subject prior to is re-detention;
4) Respondents are ENJOINED from re-detaining Petitioner without providing him with a pre-deprivation hearing before an Immigration Judge in compliance with due process and until they have followed the procedural safeguards set forth in 8 C.F.R. §§ 241.4 and 241.13;
5) Respondents are ENJOINED from removing Petitioner to Mexico or any third country without first providing him and his counsel with notice and a meaningful opportunity to respond in reopened removal proceedings in compliance with due process and the applicable statutory law; and
6) Respondents are ORDERED to file a notice of compliance advising how they complied with this Order within seven days.

//

//

//

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on counsel for Petitioner and counsel for Respondents.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 07, 2026

WESLEY L. HSU
UNITED STATES DISTRICT JUDGE